# TAB A

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

[X] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
[ ] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
[ ] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06103 | (860) 548-2700 | March 13, 2012 |

| [X] Judicial District / [ ] Housing Session | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Law Offices of Craig Zimmerman, 35 Cold Spring Road, Suite 514, Rocky Hill, CT 06067 | 429059 |

Telephone number (with area code): (860) 233-0338
Signature of Plaintiff (If self-represented):

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party | |
|---|---|---|
| First Plaintiff | Name: Foufas, Rose  Address: 10 Crocus Lane, Avon, CT 06001 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: GC Services Limited Partnership - Deleware, c/o registered agent: CT Corporation System  Address: One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name:  Address: | D-51 |
| Additional Defendant | Name:  Address: | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
CT STATE MARSHAL
HARTFORD COUNTY

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court / [ ] Assistant Clerk | Name of Person Signing at Left: Joshua R.I. Cohen | Date signed: 2/13/12 |

**For Court Use Only** — File Date

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |

Name and address of person recognized to prosecute in the amount of $250:
Sarah Pariss, 2074 Park Street, 2nd Floor, Hartford, CT 06106

| Signed (Official taking recognizance; "X" proper box) | [X] Commissioner of the Superior Court / [ ] Assistant Clerk | Date: 2/13/12 | Docket Number |

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: MARCH 13, 2012 | : | SUPERIOR COURT |
| ROSE FOUFAS | : | J.D. OF HARTFORD |
| v. | : | |
| GC SERVICES LIMITED PARTNERSHIP | : | FEBRUARY 13, 2012 |

## COMPLAINT

### FIRST COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. The Plaintiff, Rose Foufas, is a natural person residing in Avon, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

2. The Defendant, GC Services, Limited Partnership ("GC Services"), is a Delaware Limited Partnership licensed by the Connecticut Department of Banking as a Consumer Collection Agency, is a private collection agency under contract with the Department of Education ("ED") to collect default student loans held by ED under the William D. Ford Direct Loan Program ("Direct Loan") or Federal Family Education Loan Program ("FFEL"), and is a debt collector as defined by FDCPA § 1692a(6).

3. A student loan is a consumer debt as defined by FDCPA § 1692a(5).

4. In late July of 2011, GC Services contacted Plaintiff in an attempt to collect a default student loan held by the Pennsylvania Higher Education Assistance Agency.

5. GC Services stated that Plaintiff's wages would be garnished immediately and a lien would be placed against her social security if she failed to enter into a rehabilitation program by August 1, 2011.

6. GC Services stated that under the rehabilitation program, 12 payments would be required.

7. GC Services stated that $822 was the minimum payment required to participate in the rehabilitation program.

8. GC Services demanded that Plaintiff supply a bank account number and to allow GC Services to remove $822 automatically from this bank account starting on August 1, 2011.

9. Plaintiff acquiesced to GC Services demands because she felt she had no choice and feared having her wages garnished, even though she knew she did not have $822.

10. On August 12, 2011, Plaintiff contacted GC Services asking if she could negotiate a payment lower than $822 to allow her to participate in the rehabilitation program.

11. GC Services stated that it was not in control of setting the minimum payment, and that such information comes directly from its client.

12. Plaintiff was eventually transferred to a supervisor by the name of Mr. Davis.

13. Mr. Davis stated that the minimum payment must be 10% of the balance of the loan and that he had already lowered the minimum payment due to the low interest rate of the loan.

14. Mr. Davis further explained that the minimum payment is based solely on the balance and interest rate of the loan.

15. Plaintiff asked if a review of her financial circumstances could take place, even offering to submit copies of her income and budget to demonstrate that she could not possibly afford a monthly payment of $822.

2

16. Mr. Davis stated that there was no ability to conduct a review of Plaintiff's financial circumstances.

17. Mr. Davis further stated that if the payments were any lower, his client would be unable to sell the loan and rehabilitation could not be completed.

18. Plaintiff explained that she could not participate in rehabilitation if GC Services refused to lower the payment and then asked if there was any possibility to consolidate the loan to cure the default status and avoid wage garnishment.

19. Mr. Davis stated that he could not offer consolidation.

20. Mr. Davis ended the conversation by stating that he would start the garnishment process since Plaintiff refused to participate in the rehabilitation program.

21. During this call, Mr. Davis was made aware that Plaintiff was represented by counsel.

22. On August 15, 2011, Ms. Ervin of GC Services contacted Plaintiff's place of employment requesting information to allow GC Services to garnish Plaintiff's wages prior to the issuance of a garnishment order.

23. Ms. Ervin also stated that she was trying to reach the Plaintiff but had been unable to do so.

24. GC Services attempted to contact Plaintiff several more times at her place of employment.

25. On September 19, 2011, GC Services contacted Plaintiff directly, alerting her to an impending wage garnishment.

26. Plaintiff explained yet again that she was represented by counsel.

3

27. GC Services asked why she had hired counsel and if Plaintiff would attempt to work things out without her attorney intervening.

28. 20 U.S.C. § 1078-6(a)(1)(B), 34 C.F.R §§ 685.211(f) and 682.405(b)(iii) require that the rehabilitation payments are to be reasonable and affordable based upon a review of the borrower's total financial circumstances.

29. 34 C.F.R. § 682.405(b)(iii)(B) specifically states that no minimum payment is required for rehabilitation.

30. 20 U.S.C. § 1078-6(a)(1)(A), 34 C.F.R. §§ 685.211(f) and 682.405(b)(ii) require only nine payments be made to qualify for rehabilitation.

31. On information and belief, GC Services bases its minimum rehabilitation repayment on a commission schedule, in complete disregard of the statutes and regulations.

32. GC Services violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et. seq.* by falsely stating that wage garnishment would start immediately if she did not commit to rehabilitation within a few days, by falsely stating that a lien would be placed against her social security, by requiring a minimum payment for rehabilitation, by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment, by misrepresenting the number of payments required for rehabilitation, by falsely stating that consolidation was not available, by contacting Plaintiff's employer to discuss wage garnishment prior to a wage garnishment order being issued, thereby discussing Plaintiff's debt with an unauthorized third party, by contacting Plaintiff directly when GC Services knew she was represented by counsel, and by threatening to take action during the 30-day dispute period in

4

which Plaintiff could dispute the debt, thereby overshadowing her right to dispute the debt, all in violation of federal statutes and regulations.

33. GC Services' acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

34. Plaintiff has sustained an ascertainable loss as a result of GC Services' acts.

35. GC Services is liable to Plaintiff for these losses as well as, attorneys fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

### SECOND COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1-31. Paragraphs 1-31 of the First Count are herein incorporated.

32. GC Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, e, e(10), and f by failing to consider Plaintiff's financial circumstances when computing a rehabilitation payment.

33. GC Services violated FDCPA § 1692d, e, e(10), and f by requiring a minimum payment for rehabilitation.

34. GC Services violated FDCPA § 1692d, e, e(10), and f by misrepresenting the number of payments required for rehabilitation.

35. GC Services violated FDCPA § 1692d, e, e(10), and f by falsely stating that consolidation was not available.

36. GC Services violated FDCPA §1692d, e, e(2)(A), e(5), f, and g(b) by falsely stating that wage garnishment would start immediately if Plaintiff did not commit to rehabilitation within a few days.

37. GC Services violated FDCPA §1692d, e, e(2)(A), e(5), and f by falsely stating that a lien would be placed against Plaintiff's social security.

38. GC Services violated FDCPA §1692c(b), d, e, e(5), and f by contacting Plaintiff's employer to discuss wage garnishment prior to a wage garnishment order being issued, thereby discussing Plaintiff's debt with an unauthorized third party.

39. GC Services violated FDCPA §1692c(a)2, d, and f by contacting the Plaintiff directly after GC Services knew she was represented by counsel.

40. GC Services violated FDCPA §1692d, e, e(10), f, and g(b) by threatening to take action during the 30-day dispute period in which Plaintiff could dispute the debt, thereby overshadowing her right to dispute the debt.

41. For GC Services' violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is seeks her actual damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

WHEREFORE, the Plaintiff seeks:

1. Actual damages in an amount greater than $2,500;

2. Actual damages pursuant to 15 U.S.C. § 1692k;

3. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;

4. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

5. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;

6. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

7. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and

8. Such other relief as may apply at law or at equity.

PLAINTIFF, ROSE FOUFAS

By: _____
Joshua RI Cohen
jcohen@TheStudentLoanLawyer.com
Law Offices of Craig Zimmerman
35 Cold Spring Road, Suite 514
Rocky Hill, CT 06067
Tel (860) 233-0338  Fax (860) 233-0339
Juris No. 429059

ATTEST: A TRUE COPY
_____
ROBERT E. CARLSON JR.
CT STATE MARSHAL
HARTFORD COUNTY